UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIKE B., O/B/O M.D.S., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | NO: 2:18-CV-00040-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 13. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Dana C. Madsen. The defendant is represented by Special Assistant United States Attorney Alexis Toma. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the court **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 13.

**JURISDICTION**

ORDER ~ 1

Mike B.[1] protectively filed for supplemental security income on behalf of Plaintiff M.D.S., a minor, on March 26, 2015. Tr. 153-62. Plaintiff alleged an onset date of September 7, 2008. Tr. 153. Benefits were denied initially, Tr. 93-95, and upon reconsideration, Tr. 99-101. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on February 28, 2017. Tr. 39-70. Plaintiff was represented by counsel and his father testified at the hearing. *Id*. The ALJ denied benefits, Tr. 12-33, and the Appeals Council denied review. Tr. 1-6. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was in ninth grade at the time of the hearing. Tr. 44. He testified that he is on an IEP, has friends at school but does not spend much time with them outside of school, and does not talk a lot at school. Tr. 44-46, 62. Plaintiff was removed from his mother's home by CPS, and now lives with his father and older sister, who he gets along with "sometimes." Tr. 46, 49, 58. Plaintiff's father testified that Plaintiff "shuts down" when he doesn't get what he wants, ignores

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's father's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

everyone, gets angry, will not talk, says he wishes he was dead, and has cut his arm. Tr. 48, 56-57, 60-61, 65-67. He testified that counseling "goes good" for a while, but then Plaintiff shuts down again and gets discharged because he doesn't talk to the counselor. Tr. 57. Plaintiff's father testified that he thinks Plaintiff should still be in counseling, but he cannot force him to go. Tr. 66. Plaintiff's father reported that Plaintiff's behavior and school work have improved since he started medication. Tr. 59.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the

ORDER ~ 3

ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## SEQUENTIAL EVALUATION PROCESS

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d).

ORDER ~ 4

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, she must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires her to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

    (1) Acquiring and using information:

    (2) Attending and completing tasks;

    (3) Interacting and relating with others;

    (4) Moving about and manipulating objects;

    (5) Caring for self; and

    (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

///

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 26, 2015, the application date. Tr. 18. At step two, the ALJ found Plaintiff has the following severe impairments: generalized anxiety disorder; depressive disorder; and learning disorder. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 18. The ALJ then determined Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of a listing. Tr. 18. As a result, the ALJ concluded that Plaintiff has not been disabled, as defined by the Social Security Act, since March 26, 2015, the date the application was filed. Tr. 29

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issue for this Court's review: whether the ALJ erred in finding that Plaintiff's impairments were not functionally equivalent to a listed impairment.

## DISCUSSION

Where a child's impairment does not meet or equal one of the Listings, her impairments are evaluated under a functional equivalency standard. 20 C.F.R. § 416.926a. To be functionally equivalent, an impairment must "result in 'marked'

ORDER ~ 6

limitations in two domains of functioning or an 'extreme' limitation in one domain." § 416.926a(a). The domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. § 416.926a(b)(1).

A limitation is marked where an impairment "interferes seriously with your ability to independently initiate, sustain, or complete activities." § 416.926a(e)(2)(i). Marked limitations are "'more than moderate' but 'less than extreme.'" § 416.926a(e)(2)(i). A limitation is extreme where an impairment "interferes very seriously with your ability to independently initiate, sustain, or complete activities." § 416.926a(e)(3)(i).

The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted. 20 C.F.R. § 416.926a(n). The regulations list the information and factors that will be considered in determining whether a child's impairment functionally equals a listing. 20 C.F.R. §§ 416.926a, 416.924a, 416.926a. In making this determination, the Commissioner considers test scores together with reports and observations of school personnel and others. §§ 416.924a, 416.926a(e)(4)(ii). The ALJ also considers what activities the child is, or is not, able to perform; how much extra help the child needs in doing these activities; how independent she is; how she functions in school; and the effects of treatment, if any. § 416.926a(b). In evaluating this type of information, the ALJ will consider how "appropriately, effectively, and independently" the child

ORDER ~ 7

performs activities as compared to other children her age who do not have impairments. § 416.926a(b). This information comes from examining and non-examining medical sources as well as "other sources" such as parents, teachers, case managers, therapists, and other non-medical sources who have regular contact with the child. *See* § 416.913(c)(3), d; Social Security Ruling ("SSR") 98-1p, IV.B.

Plaintiff argues the ALJ erred by finding less than marked limitations in the domains of acquiring and using information and interacting and relating with others.[2] ECF No. 12 at 8-11. The court will examine each domain in turn.

**A. Acquiring and Using Information**

In the 'acquiring and using information' domain, the ALJ considers how well the child acquires and learns information, and how well she uses the information she has learned. 20 C.F.R. § 416.926a(g). A typically functioning adolescent child (age 12 to attainment age of 18) is expected to: continue to

---

[2] In his reply brief, Plaintiff states, without further reference to legal authority or evidence in the record, that the counseling records cited by Plaintiff "probably also mean [Plaintiff] would have a marked impairment in domain number 6 – Health and Physical Well Being." ECF No. 14 at 5. However, Plaintiff does not identify or challenge the ALJ's findings that Plaintiff had no limitation in this domain with requisite specificity in his opening brief. Tr. 28-29. Thus, the Court declines to address this issue. *See Carmickle*, 533 F.3d at 1161 n.2.

ORDER ~ 8

demonstrate what the child has learned in academic assignments; use what has been learned in daily living situations without assistance; comprehend and express both simple and complex ideas, use increasingly complex language, in learning and daily living situations; and apply these skills in practical ways that help enter the workforce after finishing school. § 416.926a(g)(2)(v).

The ALJ found a less than marked limitation in the domain of attending and completing tasks. Tr. 24-25. In support of this finding, the ALJ relied on an April 2015 intake assessment[3] indicating Plaintiff was "'on target' in all areas of development, including language and cognition." Tr. 25 (citing Tr. 351). Plaintiff argues the ALJ erred by relying "solely" on this April 2015 intake form, and cites evaluations by Plaintiff's teachers, including: (1) Staci Thompson's report that Plaintiff had an "obvious" problem understanding and participating in class discussions; (2) Alyssa Burrus' report that Plaintiff had "serious" problems understanding and participating in class discussions, providing organized oral explanations and adequate descriptions, expressing ideas in written form, and

---

[3] Plaintiff notes, without further argument, that this intake assessment was performed by mental health counselor Eric L. Stapleton, and he "is not an 'acceptable medical source' within the meaning of 20 C.F.R. § 416.913." ECF No. 12 at 9. However, the ALJ will "examine all the information . . . in the case record" when considering whether Plaintiff is limited in any domain because of a claimed impairment. § 416.926a(f).

ORDER ~ 9

applying problem-solving skills in class discussions; and (3) Ms. Burrus' report that Plaintiff had "obvious" problems comprehending oral instructions, understanding school and content vocabulary, reading and comprehending written material, and comprehending and doing math problems.[4]  Tr. 185, 212.

---

[4] Plaintiff also generally contends that "the ALJ did not consider Dr. [Dennis] Pollack's findings indicating marked limitation in this area." ECF No. 12 at 9.  In support of this argument, Plaintiff attached to his brief a "childhood disability evaluation" by Dr. Pollack, which was referenced in Plaintiff's letter to the Appeals Council (Tr. 293-94), but, according to Plaintiff "was somehow separated from [Plaintiff's] attorney's letter by someone at the Appeals Council and was not included in the transcript." ECF No. 12 at 6.  The Appeals Council did consider the narrative portion of Dr. Pollack's opinion, and found it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2, 34-38.  Plaintiff does not challenge that finding by the Appeals Council, and claims that Defendant "acted in bad faith" by not including the evaluation portion of Dr. Pollack's opinion in the transcript.  ECF No. 12 at 6.  However, Plaintiff offers no evidence of bad faith, nor does he show good cause for failing to produce this evidence earlier, such that remand based on "new evidence" should be granted.  *See* 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  Thus, Dr. Pollack's "childhood disability evaluation" is not part of the administrative record the Court must consider in determining whether the ALJ's

ORDER ~ 10

First, as noted by Defendant, the ALJ did not rely solely on the April 2015 intake form, which did indicate Plaintiff was "on target" in physical, cognitive, and social/emotional domains, in support of the conclusion that Plaintiff had a less than marked limitation in the domain of acquiring and using information. Instead, "the ALJ considered this specific domain throughout the written decision, including in the context of Plaintiff's allegations, the counseling record, the IEP, Dr. Glenn Griffin's medical expert testimony, Dr. Grant Gilbert's psycho-diagnostic evaluation, teacher reports, and Dr. Richard Borton's opinion." ECF No. 13 at 9. For example, counseling treatment records in 2015 and 2016 indicate that "engagement in therapy for just a few months noticeably improved [Plaintiff's] symptoms and functioning," including: sleeping better, communicating better with his family, doing better in school, improvement with communication, improvement in articulating his thoughts, and improvement in academic and anxiety problems. Tr. 20-21 (Tr. 400, 404, 406, 410-11, 415, 462, 467, 469-71, 521, 526). The ALJ specifically found that while these records document some limitations in acquiring

---

decision is supported by substantial evidence. *Cf. Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

ORDER ~ 11

and using information, they do not support those limitations being marked. Tr. 21. Further, as noted by the ALJ, the record indicates Plaintiff's IEP intervention was reduced during the adjudicatory period; and the medical expert at the hearing, Dr. Glenn Griffin, opined that the medical evidence did not include substantial evidence of academic or cognitive limitations, thus, he considered only Plaintiff's anxiety and depression.[5] Tr. 22, 50-51, 53, 89.

The ALJ additionally considered two medical opinions in the context of the using and acquiring information domain. Tr. 22-24. First, Dr. Grant Gilbert performed a psycho-diagnostic evaluation of Plaintiff in September 2015, which noted Plaintiff was friendly but not socially interactive; cooperative with all tasks; and scored within the average range for his grade level except for math. Tr. 21-22, 395-98. Dr. Gilbert diagnosed Plaintiff with a "provisional diagnosis" of

---

[5] In his reply brief, Plaintiff generally argues that the testimony of "non-examining, non-treating" medical expert Dr. Griffin is not substantial evidence because it is "contrary to the school records and treatment records and contrary to the findings of the doctors that have examined [Plaintiff]." ECF No. 14 at 8. However, as specifically noted by the ALJ, Dr. Griffin's opinion constitutes substantial evidence because it is consistent with independent evidence in the record, including therapy records and school records. Tr. 22; *Thomas*, 278 F.3d at 957. Moreover, arguments not made in the opening brief may be deemed waived. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

ORDER ~ 12

adjustment disorder with mixed disturbance of emotions and conduct, and a "rule out" diagnosis of PTSD due to being forcibly removed from his mother's home; and Dr. Gilbert concluded that Plaintiff had a "pretty good" prognosis with counseling and possible medication. Tr. 22-23, 398. The ALJ gave Dr. Gilbert's opinion great weight and noted the evaluation supports some limitations in the domain of acquiring and using information. Tr. 22-23. Second, in January 2016, state agency psychological consultant Dr. Richard Borton reviewed the record and opined that Plaintiff has less than marked limitation in acquiring and using information. The ALJ gave Dr. Borton's opinion great weight. Tr. 24. Plaintiff did not identify or challenge the ALJ's consideration of these opinions in his opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (court may decline to address an issue not raised with specificity in Plaintiff's opening brief).

Finally, the ALJ considered the teacher questionnaires identified by Plaintiff in his briefing, and discussed above, that identify limits in the domain of acquiring and using information, including: (1) Ms. Thompson's opinion that Plaintiff had only a "slight problem" in all aspects of the domain aside from one "obvious problem" in understanding and participating in class discussions, "explaining that [Plaintiff] is shy"; and (2) Ms. Burrus' opinion that Plaintiff has "obvious" or "serious" problems in all areas of the domain aside from only "a slight problem" with learning new material and with recalled and applying previously learned material. Tr. 23, 185, 212. The ALJ found that "even if given significant weight,

ORDER ~ 13

Ms. Burrus' opinion does not support that [Plaintiff] has 'marked' limitations in the six domains of functioning." Tr. 23-24. Plaintiff does not challenge this finding. Moreover, regardless of the teacher evaluation evidence that could be considered more favorable to Plaintiff, it was reasonable for the ALJ to find less than marked limitations in the domain of acquiring and using information, based on the overall record. *See Burch*, 400 F.3d at 679 (where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld).

Based on the foregoing, the Court finds the ALJ's finding of less than marked limitation in the domain of acquiring and using information is supported by substantial evidence.

**B. Interacting and Relating with Others**

In the 'interacting and relating with others' domain, the ALJ considers how well the child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects the possessions of others. 20 C.F.R. § 416.926a(i). A typically functioning adolescent (age 12 to attainment age of 18) is expected to: initiate and develop friendships with children who are your age and to relate appropriately to other children and adults, both individually and in groups; begin to be able to solve conflicts between yourself and peers or family members or adults outside your family; recognize that there are different social rules for you and your friends and for acquaintances or adults; be able to intelligibly express

ORDER ~ 14

your feelings, ask for assistance in getting your needs met, seek information, describe events, and tell stories, in all kinds of environments, and with all types of people. § 416.926a(i)(2)(v).

The ALJ found Plaintiff has less than marked limitation in interacting and relating with others. Tr. 26-27. In support of this finding, the ALJ noted that although the record documents Plaintiff's "anxiety and anger cause some deficits in this area, [Plaintiff] typically 'shuts down' rather than demonstrating violence or aggression towards other[s]. As discussed [in the decision, Plaintiff's] limitations in this domain primarily relate to his parent relationships and his withdrawn, soft-spoken demeanor. Again, however, he has demonstrated improved communication and relationships with counseling and medication." Tr. 26-27. Plaintiff argues the ALJ's finding was "contrary" to evaluation of Ms. Thompson who opined that Plaintiff has an "obvious problem" in seeking attention appropriately, relating experiences and telling stories, and introducing and maintaining relevant and appropriate topics of conversation. ECF No. 12 at 10 (citing Tr. 187). In his reply brief, Plaintiff additionally contends that the diagnoses by treating providers were equivalent to a finding of marked impairment interacting with others, including: parent-child relationship problems, posttraumatic stress disorder, adjustment disorder with mixed disturbances of emotions and conduct, unspecified anxiety disorder, ADHD inattentive type, and learning disorder. ECF No. 14 at 3-5 (citing Tr. 356-58, 402-03, 462).

ORDER ~ 15

Defendant contends that "the Court should uphold the ALJ's decision because it is supported by substantial evidence, including the treatment record, teacher reports, and the opinions of Drs. Gilbert, Griffin, and Borton." ECF No. 13 at 14. The Court agrees. As acknowledged by the ALJ, Plaintiff had some deficits with regard to interacting and relating with others, including Plaintiff's reported anxiety when talking to people and "recent inability to order food at a restaurant." Tr. 21, 407. However, the record noted improvement with treatment, including: communicating with his father better, managing his emotions with skills learned in counseling, improving communication at school and only experiencing a "little bit" of anxiety, spending more time with family, and managing his anger better. Tr. 20-21 (citing Tr. 400, 404, 406, 410-11, 467, 469-71, 521, 526). As noted by the ALJ, Plaintiff "graduated" from therapy because both Plaintiff and his father agreed he had reached his goals and was considered "stable and with good support at the time of discharge." Tr. 21, 462, 469.

The ALJ also gave great weight to Dr. Griffin's expert opinion that Plaintiff had moderate impairment in his ability to interact with others, as it was consistent with therapy records; great weight to Dr. Gilbert's opinion to the extent it supports some limitations with regard to interacting and relating with others, based on his finding that Plaintiff was friendly and cooperative, but soft spoken and not socially interactive; and great weight to Dr. Borton's opinion that Plaintiff has "less than marked" limitation in the domain of interacting and relating with others. Tr. 22-24, 51-52, 88, 398. Finally, the ALJ considered the teacher questionnaires,

Defendant contends that "the Court should uphold the ALJ's decision because it is supported by substantial evidence, including the treatment record, teacher reports, and the opinions of Drs. Gilbert, Griffin, and Borton." ECF No. 13 at 14. The Court agrees. As acknowledged by the ALJ, Plaintiff had some deficits with regard to interacting and relating with others, including Plaintiff's reported anxiety when talking to people and "recent inability to order food at a restaurant." Tr. 21, 407. However, the record noted improvement with treatment, including: communicating with his father better, managing his emotions with skills learned in counseling, improving communication at school and only experiencing a "little bit" of anxiety, spending more time with family, and managing his anger better. Tr. 20-21 (citing Tr. 400, 404, 406, 410-11, 467, 469-71, 521, 526). As noted by the ALJ, Plaintiff "graduated" from therapy because both Plaintiff and his father agreed he had reached his goals and was considered "stable and with good support at the time of discharge." Tr. 21, 462, 469.

The ALJ also gave great weight to Dr. Griffin's expert opinion that Plaintiff had moderate impairment in his ability to interact with others, as it was consistent with therapy records; great weight to Dr. Gilbert's opinion to the extent it supports some limitations with regard to interacting and relating with others, based on his finding that Plaintiff was friendly and cooperative, but soft spoken and not socially interactive; and great weight to Dr. Borton's opinion that Plaintiff has "less than marked" limitation in the domain of interacting and relating with others. Tr. 22-24, 51-52, 88, 398. Finally, the ALJ considered the teacher questionnaires,

Defendant contends that "the Court should uphold the ALJ's decision because it is supported by substantial evidence, including the treatment record, teacher reports, and the opinions of Drs. Gilbert, Griffin, and Borton." ECF No. 13 at 14. The Court agrees. As acknowledged by the ALJ, Plaintiff had some deficits with regard to interacting and relating with others, including Plaintiff's reported anxiety when talking to people and "recent inability to order food at a restaurant." Tr. 21, 407. However, the record noted improvement with treatment, including: communicating with his father better, managing his emotions with skills learned in counseling, improving communication at school and only experiencing a "little bit" of anxiety, spending more time with family, and managing his anger better. Tr. 20-21 (citing Tr. 400, 404, 406, 410-11, 467, 469-71, 521, 526). As noted by the ALJ, Plaintiff "graduated" from therapy because both Plaintiff and his father agreed he had reached his goals and was considered "stable and with good support at the time of discharge." Tr. 21, 462, 469.

The ALJ also gave great weight to Dr. Griffin's expert opinion that Plaintiff had moderate impairment in his ability to interact with others, as it was consistent with therapy records; great weight to Dr. Gilbert's opinion to the extent it supports some limitations with regard to interacting and relating with others, based on his finding that Plaintiff was friendly and cooperative, but soft spoken and not socially interactive; and great weight to Dr. Borton's opinion that Plaintiff has "less than marked" limitation in the domain of interacting and relating with others. Tr. 22-24, 51-52, 88, 398. Finally, the ALJ considered the teacher questionnaires,

including the only evidence cited by Plaintiff in his opening brief, namely, the "obvious problems" opined by Ms. Thompson in Plaintiff's ability to seek attention properly, relate experiences and tell stories, and introduce and maintain relevant and appropriate topics of conversation. Tr. 23, 187. However, as noted by the ALJ, aside from Ms. Thompson's finding of "obvious problems" in these three areas, she also opined that Plaintiff had "no" or only "slight problems" in the ten other listed aspects of the domain. Tr. 23, 187. Moreover, Ms. Burrus opined that Plaintiff had no or only slight problems in all aspects of the interacting and relating with others domain. Tr. 23, 214.

Based on the foregoing, the Court finds the ALJ's finding of less than marked limitation in the domain of interacting and relating with others is supported by substantial evidence.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and convincing reasons to discount Plaintiff's symptom claims, and the ALJ did not err at step five. After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

ORDER ~ 17

2. Defendant's Motion for Summary Judgment, ECF No. 13, is

   **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgement shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** March 25, 2019.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Judge